| | |
|---|---|
| Joann Selleck, Esq. (SBN 145557)<br>COZEN O'CONNOR<br>501 West Broadway<br>Suite No. 1610<br>San Diego, California 92101<br>Telephone: 619.234-1700<br>Facsimile:  619.234-7831<br><br>Attorneys for Defendant<br>LEXINGTON INSURANCE COMPANY | NOTE: CHANGES MADE BY THE COURT |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAIME TAITE,<br><br>           Plaintiff,<br><br>      vs.<br><br>LEXINGTON INSURANCE COMPANY,<br>and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: 2:15-cv-04245-DOC (JPRx)<br>*District Judge David O. Carter and*<br>*Magistrate Judge Jean P. Rosenbluth*<br><br>**STIPULATED PROTECTIVE ORDER AS TO JOINT MOTION OF COUNSEL** |

Having considered the joint motion of the parties and their Stipulated Confidentiality Agreement, and finding that good cause for this Order exists, it is hereby Ordered that the parties are to handle documents marked "confidential" pursuant to their stipulation, and that the Stipulated Protective Order is entered with respect to such documents designated as "confidential" per the parties stipulation.  To the extent that the parties Stipulation may be in conflict with the Standing Order of this Court, the Standing Order will control.

As set forth in the parties' stipulation, it is Ordered that:

I.    Any party may designate any documents, materials, or other information produced or disclosed to any other party during discovery which the party in good faith believes contains confidential business information, trade secret, personal private

matters, or other proprietary information as "confidential" which designation shall make such items and all copies, prints, summaries, or other reproductions thereof subject to this order (hereinafter referred to as "confidential information").

II. The use of said confidential information by counsel in this litigation shall be strictly limited to use in this case alone, and shall be subject to all of the terms of this order. No party shall use such confidential information in any other dispute or litigation, including other litigation.

III. To the extent that such confidential information may in the future be used in the taking of depositions in this case, it shall remain subject to the provisions of this protective order, and so also shall the transcript pages of the deposition testimony dealing with or relating to said confidential information. Where a document designated "confidential" is presented to a witness at a deposition who is not an employee of a party to this lawsuit, the offering party shall advise the witness of the obligations imposed by this confidentiality agreement. However, nothing in this agreement shall be construed as a limitation on the use of such document at such deposition in the event that the witness does not agree to the obligations set forth herein.

IV. Unless such information ceases to be secret and confidential other than by violation of this agreement, each party – and counsel for each party – shall maintain all said confidential information as confidential and shall not disclose information therein to any person other than: (1) the parties to this action, including but not limited to the parties' agents and/or employees or representatives; (2) employees of counsel's law firm or other consultants and experts who are assisting in this action; (3) witnesses (whether lay or expert) as necessary for their testimony, on condition that all such persons be advised of this order and be requested to agree to its terms in advance of such disclosure; (4) at the trial of this litigation; and (5) the court.

V. The parties agree that to the extent that any confidential materials are disclosed in this case to their experts or consultants that those experts and/or

consultants agree to abide by all of the terms of this order and sign the attached certificate (see Exhibit "A" to the parties' Stipulation) so indicating before they are provided with such confidential documents. It shall be the responsibility of the parties retaining the consultant or expert to see that the expert/consultant complies with the terms of the order.

VI. This Agreement and Order does not change the discoverability of information or any applicable objections available to the parties as it relates to information deemed designated as "confidential" under the applicable law or the right of any parties to contest the assertion of such privileges or protections. The Agreement and Order is without prejudice to any party's right to assert or challenge any privileges or protections available under applicable law and to withhold or redact information which they contend is not discoverable. Similarly, this agreement and order does not waive any party's right to contest the designation of discovery materials marked "confidential."

VII. Any party shall have the right to challenge (a "challenging party") any designation of "confidential" with respect to any information, documents, or things designated as such. A challenging party shall notify the "designating party" and request a written release of confidential treatment of the information, document, or thing (the "notification"). If a written release is not provided within fifteen (15) business days after the notification, the challenging party may move the court for an Order that the information, document or thing cease to maintain its confidential status. Before making such a motion, the challenging party shall contact the designating party, and the parties shall confer in good faith in an effort to resolve the dispute. The designated information shall continue to be treated as confidential under this protective order unless and until either the designating party has agreed in writing that the document is no longer confidential, or the court rules otherwise. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to assert a challenge promptly after the original designation is disclosed. Any such motion challenging a confidentiality designation must fully comply with Local Rule 37.

    VIII.   The terms of this order shall remain fully effective as to all such confidential information until modified or released either by a court order or by the written consent of all parties. At the conclusion of this case, including any appeal, all confidential information, and copies thereof shall be returned to opposing counsel of record or shall be destroyed as long as the party destroying such confidential documents promptly thereafter provides counsel of record for the opposing party with an affidavit attesting to the destruction of all such materials.

    IX.   By agreeing to this order and obtaining the material produced, the parties hereto do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party. Nothing in this order shall be deemed to preclude the admission into evidence in this case of confidential information and the parties herein have reserved all rights to seek admission of confidential information into evidence in this case or to object to the admissibility of such material. The burden of proving confidentiality is on the party seeking that designation.

    X.   It is the intent of the parties hereto that this Court's Standing Order §VII (Application to File Documents Under Seal) will be complied and the protective order and the parties' stipulation does not change, amend or circumvent any court rule of local rule.

    XI.   No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal pursuant to §VII of this Court's Standing Order dated January 20, 2015 and as may be periodically revised.

    X.   The agreement for protective order may be signed in counterparts.

Dated: February 12, 2016

_____
HONORABLE JEAN P. ROSENBLUTH
U.S. Magistrate Judge

LEGAL\25522489\1 00007.0011.001/367571.000